# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ROSWELL, NEW MEXICO
AUG 17 2023
MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 23-MR-1564
a Black and Light Pink Nanette Lepore Purse  )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached hereto and fully incorporated herein.

located in the  County of Chaves   District of  New Mexico , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and fully incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 8 USC § 1324 | Conspiracy to Transport Aliens. |

The application is based on these facts:
See Affidavit in Attachment C, attached hereto and fully incorporated herein by reference

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Joseph Walker*
*Applicant's signature*

Joseph Walker, HSI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____
*(specify reliable electronic means).*

Date: August 17, 2023

*[Judge's signature]*

City and state: Roswell, New Mexico          Barbara S. Evans United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The property to be searched is one (1) Nanette Lepore Purse, Black and Light Pink in color. The purse is located at Homeland Security Investigations, 500 N. Richardson, Roswell, New Mexico 88201 and pictured below.



## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

1. All items located in the Subject Property described in **Attachment A** that relate to violations of 8 U.S.C. § 1324 and involve Hailey Gilbert including:

   a. Any cellular telephones/devices (device) for evidence related to alien smuggling including, but not limited to the following:

      i. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of co-conspirators and other associates of the user of the device(s);

      ii. Audio and video calls made to or from the device(s), along with the duration and date and time each such communication occurred;

      iii. Any message logs or messages, whether sent from, to, or drafted on, the device(s), along with the date and time each such communication occurred;

      iv. The content of voice mail messages stored on the device, along with the date and time each such communication occurred;

      v. Photographs or video recordings, along with the date and time each such photograph or video recording was created;

      vi. Information relating to the schedule, whereabouts, or travel of the user of the device(s);

      vii. Information relating to other methods of communications, including the contents of those communications, utilized by the user of the device(s) and stored on the device(s);

      viii. Bank records, checks, credit card bills, account information and other financial records; and

      ix. Evidence of user attribution showing who used or owned the device(s), such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

  b. Indications of ownership or control of the Subject Property, , including but not limited to, driver's licenses, identification cards, passports, utility bills, cancelled checks, or envelopes, vehicle titles, vehicle registrations, gas receipts, repair bills, keys, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks and deeds or leases.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

**ATTACHMENT C**

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER
RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

Your affiant, Joseph Walker, having been duly sworn, does herby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—a purse—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer (TFO) with the Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI) assigned to the Resident Agent in Charge Office, Roswell, New Mexico. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority and charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 8 of the United States Code. I have conducted investigations related to immigration law violations since 2016. During my eleven-year law enforcement career, I have received specialized training on the subject of human smuggling and have been personally involved in multiple human smuggling investigations. I have participated in various aspects of human smuggling, drug trafficking, and firearms investigations including physical surveillance, execution of search and arrest warrants including of human and drug smugglers, undercover operations/recordings, witness interviews, electronic monitoring, the use of confidential informants, and the analysis of phone and financial records.

3. In addition to my current position as a TFO with HSI, I am also employed as a Deportation Officer with Enforcement and Removal Operations (ERO) and Customs and Border

Protection. I have performed a wide range of customs enforcement duties, such as controlled substance seizures and immigration investigations.

4. I am familiar with the facts and circumstances of this investigation based on my personal participation in the investigation, my discussions with other agents who were involved in the investigation, and my review of reports written by other agents concerning the investigation.

5. Through my training and experience, I know that human smugglers maintain one or more cellular or smart telephones (devices), which they utilize to further their illegal activities. Human smugglers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members and other co-conspirators. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the furtherance of human smuggling activities.

6. I further know, from my training and experience, that a cache of information, including dialed, received, or missed calls and text messages sent, received, or placed in draft status, can be found on these devices. I know that the identities and telephone numbers of other participants in human smuggling activities are often maintained in the contacts lists of these devices. In my experience, human smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including narcotics, currency, and firearms. Human smugglers also use the GPS or location applications of these devices, which can reveal their whereabouts when they conducted or

arranged human smuggling related activities or travel. In addition, human smugglers use these devices to store information related to the financial transactions that occur during the course of their human smuggling, such as ledgers and financial accounts and transactions. In my experience, the devices used by human smugglers often contain evidence relating to their human smuggling activities including, but not limited to, contacts list, lists of recent call activity, stored text and voice mail messages, photographs and video recordings, GPS and location information, and financial accounts and records.

7. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8. The property to be searched is one (1) Nanette Lepore Purse, Black and Light Pink in color. The purse is located at Homeland Security Investigations, 500 N. Richardson, Roswell, New Mexico 88201.

9. The applied-for warrant would authorize the search of the Subject Property for the purpose of locating evidence of violations of 8 U.S.C. § 1324, alien smuggling, particularly described in Attachment B.

## PROBABLE CAUSE

10. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

11. On July 20, 2023, at approximately 3:34 a.m., The Chaves County Sheriff's Office was dispatched to a single vehicle accident with injuries on New Mexico Highway 285

near the intersection of Yakima road. Chaves County Sheriff's Deputies arrived on scene and found a blue Chevrolet Malibu bearing a Kansas license plate, engulfed in flames. The four occupants had safely exited the vehicle after the accident and sustained non-life threatening injuries during the vehicle accident.

12. A short time later, New Mexico State Police (NMSP) Officer David Okane arrived on scene to investigate the single vehicle accident. NMSP Officer Okane observed two females subject getting into an ambulance. One female sustained a facial injury, the other sustained a leg injury. Furthermore, Officer Okane observed another female subject with blood on her face and a male subject continuously walking around and laying down on the ground.

13. NMSP Officer Okane spoke with the female driver of the vehicle, identified as Hailey Gilbert. Gilbert stated to NMSP Officer Okane that she had fallen asleep while driving, causing the accident. When asked, Gilbert stated that the male subject was her boyfriend, later identified as Luis Dominguez-Guizar. Furthermore, Gilbert stated that approximately eight to ten miles outside Roswell, New Mexico, they observed the two females asking for a ride. Gilbert stated that the females spoke only Spanish, and that her boyfriend told them they would take them to the nearest town, Roswell, New Mexico.

14. NMSP Officer Okane spoke with the male passenger who identified himself as Luis Dominguez. Dominguez stated that he was asleep at the time of the accident. Dominguez stated that the two female passengers were in the back seat. Dominguez confirmed Gilbert's remarks about the two female passengers.

15. NMSP Officer Okane was informed by Chaves County Sheriff's Deputy Nava that the two females in the rear of the vehicle at this time of the accident stated that they did not know

who the driver and front seat passenger were and that they were picked up in Texas. NMSP Officer Okane spoke with the two female passengers. Both claimed that they were asleep at the time of the accident and admitted being from Mexico. The female passengers were later identified as Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez. When asked about the female driver and male front seat passenger, both women did not answer Officer Okane.

16. All four occupants of the vehicle were transported to Eastern New Mexico Medical Center in Roswell, New Mexico for the treatment of non-life-threatening injuries. The vehicle was towed by R/T Towing of Roswell, New Mexico and kept in their tow yard.

17. NMSP Officer Okane traveled to Eastern New Mexico Medical Center to further investigate the accident. Upon arrival, Chaves County Sheriff's Deputy Nava informed Officer Okane that Dominguez was asking the nurses about his two female cousins. NMSP Officer Okane again made contact with Dominguez and asked again about the two females who were sitting in the back of the vehicle at the time of the accident. Dominguez stated that they "were his cousins from his dad's side, and they were his tia's kids." Furthermore, Dominguez stated that they went to El Paso, Texas to pick them up "because they haven't seen them in a while, and they wanted to spend time together." NMSP Officer Okane then spoke with Gilbert again. Gilbert again claimed that they picked up the two females on the side of the road south of Roswell, New Mexico.

18. At approximately 9:00 a.m., Homeland Security Investigations, Special Agent Derek Mohrhauser and Task Force Officer Joseph Walker were informed of the vehicle accident and possible failed alien smuggling scheme that resulted in the single vehicle accident. SA Mohrhauser and TFO Walker traveled to Eastern New Mexico Medical Center. Upon arrival

TFO Walker and SA Mohrhauser learned that both Gilbert and Dominguez had been released after receiving medical treatment. However, hospital staff informed TFO Walker and SA Mohrhauser that a woman, who had identified herself as Luis Dominguez's mother had returned to the hospital and was sitting with the two back seat passengers, Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez. Furthermore, hospital staff informed TFO Walker and SA Mohrhauser that the woman was intending on giving both women "rides" after they finished receiving medical attention.

19. SA Mohrhauser and TFO Walker established surveillance at the hospital. At approximately 11:00 a.m., SA Mohrhauser received a call from the medical staff of Eastern New Mexico Medical Center. Medical staff stated that the woman sitting with Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez was wearing a red t-shirt and black pants. Furthermore, medical staff stated that Dominguez and Gilbert had returned to the hospital. Additionally, medical staff stated that they would be releasing Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez shortly.

20. At approximately 11:25 a.m., SA Mohrhauser observed a woman wearing a black shirt and jean shorts exit the hospital and enter a white Honda Pilot bearing a New Mexico license. The woman positioned the Honda Pilot near the exit of the Emergency Room. A short time later, SA Mohrhauser observed a woman in a red t-shirt and black pants escort two woman identified as Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez through the exit of the Emergency Room and help them into the Honda Pilot. The Honda Pilot then left Eastern New Mexico Medical Center and began to travel north on North Kentucky Avenue. At this time, based on his suspicion the vehicle was involved in alien smuggling, TFO Joseph Walker

activated his emergency equipment and conducted a vehicle stop on the Honda Pilot in order to conduct an immigration inspection of its occupants.

21. TFO Walker and SA Mohrhauser approached the vehicle and identified themselves as federal law enforcement officers. The driver, the woman in the black shirt and jean shorts, was detained and identified as Mercedes Dominguez. The woman in the red t-shirt and black pants was detained and identified as Sarah Guzman-Dominguez. A brief interview of Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez revealed that they were both citizens of Mexico and were illegally present inside the United States. Furthermore, Merali Hernandez-Jimenez and Blanca Flor Santiz-Jimenez were not in possession of any immigration documents that would allow them to be or remain in the United States. All four women were transported to the Homeland Security Investigations Roswell Office for further questioning.

22. At approximately 12:39 p.m., Mercedes Dominguez was read her Miranda rights. Mercedes Dominguez stated that she understood her Miranda Rights and was willing to speak with agents without the presence of an attorney. Additionally, Mercedes Dominguez was asked and granted her consent for SA Mohrhauser to search her cellular phone. Mercedes Dominguez stated that she was informed by her aunt, Sarah Guzman-Dominguez that her cousins had been in a vehicle accident and she was instructed to pick up her aunt at the hospital. When asked, Mercedes Dominguez stated she was told the two females she picked up with her aunt were her cousins because she has family in Mexico. A search of her cellular phone revealed a text message from her aunt, Sarah Guzman-Dominguez at approximately 5:47 a.m., that stated "Luis and Hailey were coming back from El Paso with two little girl beaners and wreked." Additionally, a later text from Sarah Guzman-Dominguez stated "Luis told the cops that the girls are his cousins so they can let them go with us but I'm nervous they gonna come out and

question before I go back". When confronted with the text messages, Mercedes Dominguez stated that she knows what they do. Mercedes Dominguez stated that Luis Dominguez goes to El Paso and brings back people that she assumes are illegal immigrants. Furthermore, Mercedes Dominguez stated that Hailey Gilbert has accompanied Luis Dominguez on a couple of occasions. Additionally, Mercedes Dominguez admitted that she lied to agents during the vehicle stop when she told them the two women were her cousins.

23. At approximately 1:20 p.m., Sarah Guzman-Dominguez was read her Miranda rights. Sarah Guzman-Dominguez stated she understood her rights and was willing to answer agents' questions without the presence of an attorney. Sarah Guzman-Dominguez stated that her son Luis called her in the early morning and stated he and Hailey had been an accident. Sarah Guzman Dominguez stated that when she arrived at the hospital, she learned that there were two other girls inside the car at the time of the accident. Sarah Guzman-Dominguez stated that her other son, later identified as Lorenzo Dominguez, asked if she would be willing to pick up the two girls from the hospital when they were released. Sarah Guzman-Dominguez stated that she was unsure if the hospital would allow her to be there and she began to say the two females from Mexico were related even though they were not. Sarah Guzman-Dominguez stated she was supposed to take the girls to her son's home located at in Roswell. Sarah Guzman-Dominguez further stated that she was in possession of her son, Lorenzo's phone because she was using it due to hers running out of battery. When asked, Sarah Guzman-Dominguez denied that her son Luis Dominguez had told police officers the two females were his cousins, which is in direct conflict with text messages observed on Mercedes Dominguez's phone during the consent search. Additionally, when asked about the text message from her to Mercedes Dominguez that

stated Luis and Hailey had gone to El Paso to pick up "beaners," Sarah Guzman-Dominguez stated that is just what they call each other.

24. On July 21, 2023, TFO Walker and SA Mohrhauser contacted the R/T Towing and Recovery company that towed the wreckage. Agents were given permission to go to R/T tow yard to physically examine the wreckage and take photos. As SA Mohrhauser was examining the inside of the vehicle, SA Mohrhauser noticed a purse sticking out of the center console. SA Mohrhauser took photos of the purse and removed it from the center console. The purse removed was a Nanette Lepore, black and light pink in color, slightly charred on one side – the Subject Property.

25. Due to Hailey Gilbert stating her purse and phone was left in the burning vehicle, the close proximity to the Subject Property found in the center console and knowing Hailey Gilbert being the driver of the vehicle, it is believed that the Subject Property belongs to Hailey Gilbert.

26. Based on my training and experience as well as the above information, there is probable cause to believe that evidence of a crime and/or electronic devices may be inside the Subject Property which was utilized to communicate with coconspirators in association with alien smuggling.

27. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Subject Property described in Attachment A to seek to search and seize the items described in Attachment B.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

28. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

29. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how any device(s) located in the Subject Property were used, the purpose of the use, who used any device(s) located in the Subject Property, and when. There is probable cause to believe that this forensic electronic evidence might be on any device(s) located in the Subject Property because:

a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

30. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

31. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

32. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located in the Subject Property. Therefore, I respectfully request that this Court issue a search warrant for the Subject Property, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

*Joseph Walker*
Joseph Walker
Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me by telephone on this day, August 17th, 2023

~~Barbara S. Evans~~ *Barbara S. Evans*
United States Magistrate Judge
District of New Mexico